ROBERT B. BRINTON, AND OTHERS,  
vs.  
HENRY HOOK, AND OTHERS.  

SEPTEMBER TERM, 1850.

[FRAUDULENT CONVEYANCES.]

A CONVEYANCE is void, as against creditors, under the statute of Elizabeth, unless it be made upon a good consideration and *bona fide*.

A voluntary conveyance made by a grantor, not indebted at the time, cannot be impeached by subsequent creditors upon the mere ground of its being voluntary.

But, if such conveyance was made with a fraudulent intent, and with a view to future debts, it may be successfully assailed by subsequent creditors.

A *post nuptial* settlement by the husband upon the wife is good as to subsequent creditors, provided there be no fraudulent intent, and if it be not made with a view to future debts.

A grantor conveyed nearly all his property *in trust*, 1st. For the use of the grantor and his wife during their joint lives, with power to them jointly to dispose of it absolutely; 2d. In case he survived his wife, he was to dispose of it at pleasure; and 3d. Whether he survived her or not, then to

such persons as he by will may appoint, and in case of failure of such appointment, then to his heirs-at-law.  HELD—

That this deed is fraudulent and void against the creditors of the grantor, both existing and subsequent, because of the trusts in it in his favor.

———

[The deed attacked by the proceedings in this case, was executed by the defendant, Henry Hook, on the 2d of June, 1842, and conveys to the grantee, James H. Miller, a certain lot of ground in the city of Baltimore, and certain leasehold interests in other lots particularly described, with the buildings and improvements thereon, "and also all and singular the plate, household and kitchen furniture" of the grantor, "*in trust*, for the use of the said Henry Hook, and Sarah Hook, his wife, for and during the term of their joint natural lives, and for the use of the survivor during his or her life, with power of absolute disposal by them jointly, or by the said Henry Hook solely, if he shall survive the said Sarah, as is hereinafter expressed.  And from and after the decease of the longest liver" of them, as to so much " as may remain undisposed of by deed or contract, as hereinafter provided for *in trust* for such person or persons, or for such uses and purposes as the said Henry Hook by his last will and testament, duly executed, shall have named, limited and appointed in relation thereto.  But in default of such nomination, limitation, and appointment, then *in trust* for such person or persons, as would, by the now existing laws of the State of Maryland, be the heirs of the said Henry Hook, to take an estate in fee simple in lands by descent from him.  But upon this *further trust*, nevertheless, to suffer and permit the said Henry Hook ·and Sarah his wife, jointly during their joint lives, and the said Henry Hook solely, if he shall survive the said Sarah, to sell, convey, and dispose of absolutely for ever, for such price or consideration as to them or him may seem fit, the whole, or any part, or parts, of the trust estate aforesaid, and the consideration or proceeds thereof to receive, and the same to appropriate, apply, and dispose of, in such manner as they or he,

as the case may be, shall think proper, and to and for no other use, trust, intent, or purpose whatsoever."

The complainants, in their bill filed on the 8th of January, 1849, allege themselves to be judgment creditors of said Henry Hook, upon a judgment recovered upon the 26th day of June, 1848, upon which a *fi. fa.* was issued, and returned *nulla bona* at February Term, 1849, of Baltimore County Court, in which said judgment was recovered. That at the time the debts, upon which said judgment was recovered, was contracted, the said Henry was in the actual possession and enjoyment of property situated in the city of Baltimore, of the value of several thousand dollars, which he had previously conveyed by the deed above referred to. That he has sold a part thereof, and applied the proceeds in satisfaction of a mortgage debt thereon, and to a small extent in satisfaction of complainant's judgment. That he has applied for the benefit of the insolvent laws, and a large amount is still due on said judgment. The bill then charges that said deed is fraudulent and void, and was made to hinder, delay, and defraud the complainant and other creditors of the grantor, and prays that it may so be declared and set aside, and the property sold for the payment of complainant's debt, and other creditors of the grantor, and for general relief.

The answer of Mrs. Sarah Hook, who answered separately, admits the deed of trust, and the sale of part of the property; but avers that she is wholly uninformed as to the other averments in the bill, and cannot, therefore, expressly admit or deny them, and requires complainants to prove them. The answer of Henry Hook admits the indebtedness as charged in the bill, the execution of the deed, and that he continued to possess and enjoy the property jointly with his wife according to the terms thereof. He also admits the sale of a portion of the trust property, and his application for the benefit of the insolvent laws; but expressly denies that the deed was made either to defraud, hinder, or delay creditors, but on the contrary, he avers that at the time of executing it, he was solvent and unembarrassed, and out of debt, and that he owned, at the time, other property not mentioned in said deed, and that com-

plainants were not his creditors at the time, but their claims were contracted and created long since the execution of the same, and he insists that said deed is perfectly legal and valid, and nowise fraudulent as against the complainants, or any one else.]

THE CHANCELLOR:

Upon a careful examination of the proceedings in this case, and reading and considering the arguments of the counsel for the parties, I am of opinion that the deed of trust of the 2d of June, 1842, from Henry Hook to James H. Miller, is fraudulent and void against the creditors of the grantor, either existing or subsequent.

It has been frequently decided, and is the undisputed law, that a conveyance is void as against creditors under the statute of 13 Elizabeth, ch. 5, unless it be made upon a good consideration, and *bona fide*, and authorities are abundant, to show that though a voluntary conveyance, made by a person not indebted at the time, cannot be impeached by subsequent creditors upon the mere ground of its being voluntary, yet if it be shown to have been made with a fraudulent intent, or with a view to future debts, it may be successfully assailed by such subsequent creditors. *Sexton* vs. *Wheaton*, 8 *Wheaton's Rep.*, 229.

The deed impeached by the bill in this case is not simply a *post nuptial* settlement by the husband upon the wife, which would be good as to subsequent creditors, provided there was no fraudulent intent, or it was not made with a view to future debts. The deed here is supposed to be fraudulent and void as to creditors, both prior and subsequent, because of the trusts in it in favor of the grantor, and the authorities seem to me fully to establish the proposition for which they were cited by the complainant's counsel.

The case of *Taylor* vs. *Jones*, 2 *Atk.*, 600, and *Ford* vs. *Caldwell*, 3 *Hill, S. C. Rep.*, 242, seem to be conclusive against the validity of such deeds as the present, with reference to the subsequent as well as prior creditors.

Upon examining the deed in this case, it may be very fairly inferred that it comprehended all or nearly all the grantor's estate, real, personal, and mixed, and it appears to have been carefully drawn to retain to him the actual use and enjoyment of the property, without subjecting it to the payment of his debts. Certainly it is quite impossible to say that this deed was intended chiefly for the benefit of the wife, whose power and control over, and interest in the property, is so subordinate to that of the husband.

If a man may, after marriage, make provision for his wife and children, provided he does not impair the right of existing creditors, and a provision so made will be considered as founded upon a good consideration, and *bona fide* and impregnable against subsequent creditors, it by no means follows that he will be permitted, under cloak of providing for his wife and children, to place his property in a condition in which he shall have the substantial use and enjoyment of it during his life, with power to dispose of it by will or to direct its course after his death, that it shall descend to his heirs-at-law, and at the same time have it protected from the claims of those who may deal with, and trust him during his life.

The trusts of this deed, are 1st, for the use of the grantor and his wife during their joint lives, and the life of the survivor, with power to them jointly to dispose absolutely of the property during their joint lives; 2dly, in case the grantor should survive his wife in trust, to permit him to dispose of the property at his pleasure; and, 3dly, whether he survives her or not, in trust for such person or persons as he may appoint by his will, and in case of his failure, to make such testamentary appointment, then in trust for his heirs-at-law.

The whole interest, therefore, of the wife, is an interest in common with her husband during their joint lives, or for her own life, in case she should survive him. But no power of disposition is reserved to her independently of her husband, whilst to him after her death, such power in the fullest terms is given, either by deed or will, and in case he fails thus to dispose of the property, it descends to his heirs-at-law.

It appears to me that such a deed is clearly fraudulent and void, both with reference to pre-existing, and subsequent creditors.

It cannot be regarded as a voluntary conveyance, made by a husband in favor of his wife, which, if *bona fide*, will be permitted to stand as against subsequent creditors, but it is a conveyance made by a party for his own benefit, and although his wife was designed to participate with him to some extent, in the enjoyment of the property, the beneficial interest of the husband greatly preponderates over hers. It is emphatically a deed for the use of the grantor, which renders it void against all creditors, existing or subsequent.

The claims of the suing creditors are fully established by the pleadings and proofs, and it appears they have by their proceedings at law, placed themselves in a position to impeach the deed. A decree, therefore, will be signed, vacating this deed of the 2d of June, 1842, and appointing a trustee to make sale of the property embraced in it, which remains unsold, for the payment of the complainants, and the other creditors of the grantor, and directing the trustee to call them in as usual by advertisement. The equities of the creditors *inter se*, will be reserved for further order or decree. The complainants' counsel will prepare such a decree.

J. M. CAMPBELL, for Complainants.
C. H. PITTS, for Defendants.